Filed 7/23/26  Van Taylor v. Little CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THRIS VAN TAYLOR, et al., | B342638 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 22STCV06520) |
| v. | |
| KATIE L. LITTLE, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kevin C. Brazile, Judge.  Appeal dismissed.

Thris Van Taylor, a Law Corporation and Thris Van Taylor for Plaintiffs and Appellants.

Law Offices of Robert S. Altagen and Robert S. Altagen for Defendant and Respondent.

Attorney Thris Van Taylor (and his firm, Thris Van Taylor, a Law Corporation; collectively, "Van Taylor") brought this action against former client Katie L. Little (and other defendants, not parties to this appeal) to recover unpaid attorney fees and other debt. Van Taylor appeals the trial court's order granting Little's motion for judgment on the pleadings as to several causes of action.[1] That order is not appealable. We therefore dismiss the appeal.

## BACKGROUND

Beginning in 2015, Van Taylor represented Little in several actions and other matters. Three retainer agreements provided that Van Taylor would be "given a lien on any recovery, as security for payment of . . . fees and disbursements." Van Taylor alleges Little owes at least $200,000 in legal fees. He further alleges Little agreed to pay this debt using proceeds from selling her residential property to a third party. She sold the property but never paid Van Taylor.

Van Taylor brought eight causes of action against Little. She moved for judgment on the pleadings of the second through eighth causes of action, but not the first cause of action for breach of contract. The court granted judgment on the pleadings, without leave to amend, on the second through eighth causes of action. Van Taylor timely appealed.

---

[1] In his opening brief, Van Taylor also argues the trial court erroneously denied his discovery motion. Van Taylor did not appeal that order, and it is not appealable. (*O&C Creditors Group, LLC v. Stephens & Stephens XII, LLC* (2019) 42 Cal.App.5th 546, 561.)

## DISCUSSION

We have "jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) " '[A]n appeal cannot be taken from a judgment that fails to complete the disposition of all causes of action between the parties.' " (*Id.* at p. 697.) An order granting a motion for judgment on the pleadings is not appealable. (*Ellerbee v. County of Los Angeles* (2010) 187 Cal.App.4th 1206, 1213.) "[A]n appeal from that ruling may [only] be taken from the ultimate judgment." (*Ibid.*) The court did not dispose of all causes of action against Little, so there is no final, appealable judgment.

Van Taylor argues he may appeal the order granting judgment on the pleadings under Code of Civil Procedure section 904.1, subdivision (a)(8) (section 904.1(a)(8)). That subdivision provides an aggrieved party may appeal "[f]rom an interlocutory judgment, order, or decree, made or entered in an action to redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting." (*Ibid.*)

Section 904.1(a)(8) does not apply because this is not an action to redeem real or personal property from a mortgage or lien. Redemption means a debtor's right "to repurchase, or redeem, its property after that property has been involuntarily sold to satisfy a debt." (*Yancey v. Fink* (1991) 226 Cal.App.3d 1334, 1345; accord *Lee v. Rich* (2016) 6 Cal.App.5th 270, 279.) In other words, in "an action to redeem real or personal property" from a lien (§ 904.1(a)(8)), the owner of the property seized pursuant to foreclosure on a lien seeks to buy his or her property back by satisfying the lien.

3

This suit is not an action to redeem property from a lien. Van Taylor does not seek the return of property that was seized pursuant to a lien.  Rather, he alleges he had a lien encumbering Little's property and seeks damages to satisfy the lien.  That his action for damages involves a lien does not make the case "an action to redeem real or personal property."  (§ 904.1(a)(8).)

The court's order granting Little's motion for judgment on the pleadings is not appealable under section 904.1(a)(8) or any other provision.  We therefore have no jurisdiction over this appeal and must dismiss it.  (*In re Javier G.* (2005) 130 Cal.App.4th 1195, 1201.)

## DISPOSITION

The appeal is dismissed.  Respondent Katie L. Little shall recover her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


TAMZARIAN, J.

We concur:



ZUKIN, P. J.



MORI, J.